Four H Republic LLC v Bower
2026 NY Slip Op 50938(U)
June 17, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Warrant of Eviction-Failure to Comply with Terms of Stipulation of Settlement

Four H Republic LLC, Petitioner-Landlord-Respondent,
v
Jason Douglas Bower, Respondent-Tenant-Appellant.

Supreme Court, Appellate Term, First Department
Decided on June 17, 2026
570335/26
Present: James, P.J., Brigantti, Perez, JJ.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Evon M. Asforis, J.), entered February 18, 2026, which denied his motion to stay execution of the warrant of eviction in a holdover summary proceeding.
[*1]
Per Curiam.
Order (Evon M. Asforis, J.), entered February 18, 2026, affirmed, with $10 costs.
Landlord commenced this holdover proceeding to recover possession of tenant's unregulated apartment upon expiration of his lease. The parties then entered into a two-attorney stipulation of settlement in December 2024, which awarded landlord a judgment of possession and stayed execution of the warrant through March 31, 2026 on the condition that tenant complied with a specified time of the essence/no defaults deminimus payment schedule of use and occupancy. Upon tenant's failure to make timely payment of monthly use and occupancy, the stipulation authorized landlord to execute the warrant following service of a two-day notice to cure. Landlord's claim for unpaid use and occupancy in the amount of $114,949.20 was severed for a plenary action.
The parties' stipulation of settlement is clear, and "literal enforcement of its terms is not unjust" under the circumstances (Taboola, Inc. v Newsweek Media Group, Inc., 171 AD3d 510, 511 [2019][citation omitted]; Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]). The stipulation was the product of negotiations between the attorneys for both parties, and permitted tenant to remain in the unregulated apartment for over two years after the expiration of his lease (through March 31, 2026), while landlord's claim for substantial rent arrears was severed for a plenary action. Having received the benefit of his bargain, i.e., two years of additional occupancy, tenant should be bound by the stipulation's terms. Given the circumstances under which the stipulation was executed and the provisions advantageous to tenant therein, "equity would not be served by refusing to enforce the stipulation" (Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 156 [2006]).
Although tenant disputes Civil Court's conclusion that he breached the payment terms of the stipulation, which would have allowed landlord to execute the warrant prior to April 1, 2026, that issue is now academic, inasmuch as tenant ultimately remained in possession beyond that [*2]date. Nor in these circumstances is there any good cause to justify a further stay of execution of the warrant of eviction (see Matter of 1621 St. Nicholas Ave Owners LLC v Cruz, 146 AD3d 409 [2017]; Chelsea 19 Assoc. v James, 67 AD3d 601 [2009]).
Tenant's remaining contentions have been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 17, 2026